# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-40495
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUVER ALEXANDER DIAZ-MARTINEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-1170-1

————

United States Court of Appeals
Fifth Circuit
**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Juver Alexander Diaz-Martinez appeals the 24-month sentence imposed for his illegal reentry conviction. He contends that the assessment of criminal history points for a prior conviction that also serves as the basis for an increase in the offense level violates the Double Jeopardy Clause by unconstitutionally punishing him twice for the same offense.

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40495

We review de novo the district court's interpretation and application of the Sentencing Guidelines. *United States v. Dison*, 573 F.3d 204, 207 (5th Cir. 2009). Double-counting does not violate the Double Jeopardy Clause so long as the Guidelines do not expressly forbid the double-counting. *Id.* at 208. The applicable guidelines provisions in this case expressly provide for double-counting of a defendant's prior conviction in enhancing his offense level and assessing his criminal history score. *See* U.S.S.G. § 2L1.2, cmt. (n.3). Accordingly, the district court did not violate the Double Jeopardy Clause.

The judgment of the district court is **AFFIRMED**.